UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NIGERIANS IN DIASPORA
ORGANIZATION AMERICAS,

*Plaintiff*,

v.

PATIENCE NDIDI KEY et al.,

*Defendants*.

Civil Action No. 19-3015 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Patience Ndidi Key's motion to dismiss Plaintiff's amended complaint. Dkt. 84. Plaintiff Nigerians in Diaspora Organization Americas ("NIDOA") is a nonprofit organization that advocates for the interests of Nigerians in the Western Hemisphere. On October 9, 2019, Plaintiff brought this action against Key, the former chair of the Board of Directors for NIDOA's U.S.-based affiliate, Nigerians in Diaspora Organization Americas, USA ("NIDOA-USA"). *See* Dkt. 1 (Compl.); Dkt. 72 at 6. The complaint alleged that Key had failed to cede control of the Board to newly elected officers when her term expired, that she "registered a competing and infringing NIDO organization in the District of Columbia," Dkt. 1 at 3 (Compl. ¶ 8), and that she was engaging in trademark infringement and false advertising by continuing to act on behalf of NIDOA-USA without authorization, Dkt. 1 at 7 (Compl. ¶¶ 25–43).

Ten months after filing the complaint, Plaintiff moved for a preliminary injunction. Dkt. 39. Two days prior, an attorney named Hope Umana, who represents Key in this action, filed a motion to intervene on behalf of an entity purporting to be NIDOA-USA. Dkt. 36. Plaintiff opposed that motion, Dkt. 38 at 1, but the entity purporting to be NIDOA-USA withdrew its

1

motion to intervene before the Court ruled on the motion, Dkt. 70.  While both the motion for preliminary injunction and the motion to intervene were pending, Key stepped down from her role as chair of the separate NIDOA-USA's Board of Directors and ceased acting on the organization's behalf.  *See* Dkt. 72 at 16, 18–19.  The Court, accordingly, denied Plaintiff's motion for preliminary injunction as moot, holding that Key was "no longer in a position in which there [was] a discernible prospect that she [would] infringe on Plaintiff's trademarks" and rejecting Plaintiff's contention that the Court could enjoin the activities of other purported NIDOA-USA Board members when they were not named parties to the suit.  *Id.* at 21–23.  On May 12, 2021, Plaintiff filed an amended complaint in which it now asserts claims against the "competing and infringing NIDO organization in the District of Columbia," which it refers to as "NIDOA USA, Inc."  Dkt. 81 at 2–4 (Am. Compl. ¶¶ 3–13).  Thus, having opposed NIDOA-USA's motion to intervene, Plaintiff subsequently amended its complaint to add that entity as a party.

Because Plaintiff added NIDOA USA, Inc. as a party on May 12, 2021, it was required to serve a summons and a copy of the amended complaint on that organization by August 10, 2021, or to show good cause for its failure to do so.  *See* Fed. R. Civ. P. 4(m).  On June 18, 2021, the Court entered a minute order explaining that Plaintiff had not yet filed proof of service and directing Plaintiff to file a status report "updating the Court on its effort to effect service on [NIDOA USA, Inc.]."  Min. Order (June 18, 2021).  On July 7, 2021, Plaintiff's counsel filed a "Certificate of Service" stating that he had "caused one copy each of the Amended Plaintiff's Complaint for Trademark Infringement, False Advertisement, Declaratory Judgment and Injunctive Relief, to be served by first class return receipt mail on Hope Umana, Esquire, counsel for the Defendant NIDOA USA, Inc[.]" at Mr. Umana's work address in Silver Spring,

Maryland. Dkt. 82 at 1–2. The certificate included as an attachment a printout of a U.S. Postal Service tracking page stating that an "item" was "delivered to an individual" at an address in Silver Spring, on June 26, 2021, Dkt. 82-1 at 1, and photocopies of a U.S. Postal Service Certified Mail Receipt that lists Mr. Umana's name and office address, *id.* at 2.

Adding to the confusion, Mr. Umana has now filed a motion to dismiss on behalf of Key, but not NIDOA USA, Inc. Dkt. 84. Although the motion is not a model of clarity, it appears to argue that the claims against Key should be dismissed because Plaintiff failed to effect service on NIDOA USA, Inc. Dkt. 84 at 2. Acknowledging that Plaintiff "mailed documents to defendant Key's counsel," Key argues that the mailing did not constitute effective service on NIDOA USA, Inc. *Id.* With no further explanation, Key then requests that the Court "dismiss the plaintiff's amended complaint." *Id.* at 3.

Even if Plaintiff failed properly to serve NIDOA USA, Inc., the Court fails to see why that misstep warrants dismissal of Plaintiff's claims against *Key*, who was properly served two years ago. *See* Dkt. 5 at 1. To be sure, the Court previously held that one of Plaintiff's requests for relief against Key—its request for preliminary injunctive relief—was moot because Key stepped down from the separate NIDOA-USA organization's Board of Directors in December 2020. Dkt. 72 at 23. But, in so holding, the Court explicitly "reserv[ed] judgment" as to Plaintiff's other requests for relief against Key. *Id.* Plaintiff's amended complaint restates those requests for relief against Key, Dkt. 80 at 11-12 (Am. Compl.), and she offers no basis for dismissing the remaining claims against her in her motion to dismiss. The Court will, accordingly, **DENY** that motion.

That said, Key is correct that Plaintiff has failed properly to serve NIDOA USA, Inc. Federal Rule of Civil Procedure 4 requires that a plaintiff serve each defendant with a summons

and a copy of the complaint.  *See* Fed. R. Civ. P. 4(c).  To date, Plaintiff has not requested the issuance of a summons as to NIDOA USA, Inc.  Nor does the docket indicate that any such summons has issued.  Rule 4 allows for waiving service of process, *see* Fed. R. Civ. P. 4(d), but nothing in the existing record indicates that Plaintiff sought or obtained such a waiver here.  Similarly, a party may waive the defense of insufficient service of process by failing to raise it in its first responsive pleading or in a pre-pleading motion.  *See* Fed. R. Civ. P. 12(h).  But NIDOA USA, Inc. has not filed a responsive pleading or pre-pleading motion.  To be sure, Mr. Umana entered an appearance on behalf of NIDOA USA, Inc. on August 24, 2020.  Dkt. 40.  "Federal courts have firmly established," however, "that a court appearance alone can never waive an otherwise valid [insufficient service of process] defense."  *Candido v. District of Columbia*, 242 F.R.D. 151, 162 (D.D.C. 2007).  Mr. Umana also filed a motion to intervene on behalf of NDIO USA, Inc., but given that Plaintiff opposed the motion and that it was ultimately withdrawn—all before Plaintiff raised any claims against NDIO USA, Inc. in its amended complaint—the Court will not construe that motion as a "pre-pleading motion" that would waive NDIO USA, Inc.'s insufficient service of process defense.

It is also far from clear that Mr. Umana is currently "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," as is required under the federal rule for effecting service on a corporation.  Fed. R. Civ. P. 4(h).  And, even though Mr. Umana entered an appearance and moved to intervene "on behalf of [NIDOA], USA," *see* Dkt. 35; Dkt. 36, those facts alone do not show that Mr. Umana was authorized to accept service as the entity's agent.  *See United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific

4

authority to receive service."); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097 (4th ed.) ("[T]he defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place."). The Court therefore concludes that Plaintiff has not satisfied Rule 4's requirements for serving NIDOA USA, Inc. or providing proof of service (or waiver) to the Court.

Given Plaintiff's failure to effect service or to demonstrate that service was waived, the Court hereby **ORDERS** Plaintiff to show cause, on or before November 30, 2021, why the claims against NIDOA USA, Inc. should not be dismissed pursuant to Federal Rule 4(m). That rule states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because the Court directed Plaintiff to effect service and to file the necessary proof in its June minute order, Plaintiff was on notice that compliance with Rule 4 was required by August 10, 2021. Several weeks before that deadline came to pass, moreover, Key filed her motion to dismiss in which she argued that Plaintiff had failed properly to serve NIDOA USA, Inc. But, despite these warnings, Plaintiff took no subsequent action to remedy any potential defects in service. Indeed, Plaintiff did not even contest Key's argument in its response to her motion. *See* Dkt. 85. The Court will not permit this case, which is more than two years old, to drag on for additional months or years on account of a failure to comply with the Federal Rules of Civil Procedure. Now that six months have passed since Plaintiff filed its amended complaint, Plaintiff must show good cause for its failure to serve NIDOA USA, Inc., or else the

Court will dismiss the claims against that defendant without prejudice.  *See Morrissey v. Mayorkas*, --- F.4th ---, 2021 WL 5183277, at *5 (D.C. Cir. 2021) (holding that the district court did not abuse its discretion by "dismissing [the plaintiff's] complaint when the time for effectuating service had passed").

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant Key's motion to dismiss, Dkt. 84, is **DENIED.**  It is further **ORDERED** that Plaintiff shall show cause on or before November 30, 2021, as to why the Court should not dismiss the claims brought against NIDOA USA, Inc. in the amended complaint under Federal Rule of Civil Procedure 4(m).

**SO ORDERED.**

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS

Date: November 17, 2021